## SOUTHERN NAT. BANK OF WYNNEWOOD v. WALLACE et al.

No. 6196—Opinion Filed April 10, 1917.

164 Pac. 461.)

(Syllabus by the Court.)

**1. Certiorari—Nature of Writ.**

In this jurisdiction certiorari is not a writ of right, but a discretionary writ which the courts, in the exercise of sound judicial discretion, grant or refuse, as justice may seem to require.

**2. Taxation—Assessments—Review — Application for Writ of Certiorari—Denial.**

Record examined, and held, that it does not present facts sufficient to justify the issuance of the writ for the purpose of preventing injustice.

Original application by the Southern National Bank of Wynnewood, Oklahoma, for a writ of certiorari against W. R. Wallace and others. Writ denied.

Blanton & Andrews, for plaintiff.

Stuart, Cruce & Cruce, for defendants.

KANE, J. This is an original application for a writ of certiorari for the purpose of reviewing the action of the county court of Garvin county in reviewing on appeal the action of the treasurer of said county in a proceeding commenced by C. W. Benedict, as special tax auditor of said county pursuant to section 7450, Rev. Laws 1910, which provides:

"Property that has been omitted from assessment since November 16, 1907, shall be listed and assessed for each year that it has been omitted and charged with the levy for that year. * * *"

Upon the trial which followed, the treasurer found in favor of the tax ferret, and

thereupon the Southern National Bank gave notice of and prosecuted an appeal to the county court. In the county court the cause was tried upon an agreed statement of facts wherein, among other things, it was stipulated and agreed that certain shares of stock were underassessed and undervalued for the year 1908 $11,000, and for the year 1909 $19,000. Upon this agreed statement of facts, the court found that the plaintiff's shares of stock were underassessed and undervalued for the year 1908 $11,000, and for the year 1909 $19,000, and that the plaintiff should be charged with the taxes thereon. The purpose of this proceeding is to quash and set aside the judgment of the county court, upon two grounds, to wit: First, it is claimed that this is, in effect, an attempted reassessment of the capital stock of the plaintiff, and, as such, the county treasurer and county court were without jurisdiction to enter the orders complained of; second, that if it should be held that this proceeding was not an attempted reassessment of the property, still the assessment was void for the reason that it is an attempt to assess to the bank the value of its capital stock in contravention of section 5219, Revised Statutes of the United States (U. S. Comp. St. 1916, sec. 9784), prescribing the method by which national banks may be assessed.

On the threshold of the case, counsel for respondents contend that apart from any question of whether this proceeding constitutes an attempted reassessment or a valid effort to assess omitted property, or whether the original assessment was beyond the jurisdiction of the state taxing authorities, the writ of certiorari being a discretionary writ, the plaintiff should be left in the condition in which it found itself at the close of the trial in the county court, for the reason that, according to its own admission, by undervaluation and underassessment it escaped taxation during the years 1908 and 1909 upon taxable property not returned by it for taxation in the precise sums found against it by the county court in the proceeding here sought to be reviewed; and, inasmuch as the writ is prayed for for the sole purpose of enabling it to avoid the payment of taxes which, according to its own stipulation, it justly owes the state, granting the writ, instead of preventing injustice, would thwart justice. It seems to us that this contention is well taken. In 6 Cyc. 748, the rule is laid down as follows:

"Except where so made by statute, the writ of certiorari as used to correct the proceedings of inferior tribunals is not a writ of right, but issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion

to grant or refuse the writ as justice may seem to require."

In Re Benedictine Fathers of Sacred Heart Mission, reported in 45 Okla. 358, 145 Pac. 494, we find an apt illustration of the application of the foregoing rule to proceedings similar to this. In that case a tax ferret sought to have listed and assessed, pursuant to the provisions of this section of the statute, certain property belonging to the Benedictine Fathers which, by section 6, art. 10, Williams' Const., was exempt. In that case the court followed the rule laid down in Cyc., supra, which Mr. Justice Bleakmore, who delivered the opinion for the court, after citing Baker v. Newton, 22 Okla. 658, 98 Pac. 931, to the effect that this court has the power to issue the common-law writ of certiorari, states as follows:

"The scope of a writ of certiorari was quite limited at common law, and is therefore likewise limited in this state; the proceedings upon the return are confined solely to the record of the lower court or tribunal, and the writ will issue only in cases where no appeal or proceeding in error lies, and, ordinarily, where the wrong or injury cannot otherwise be corrected. The purpose of the writ in all cases is to prevent injustice. It is not a writ of right, but is to be granted or not in the exercise of sound judicial discretion."

If the purpose of the writ in all cases is to prevent injustice and is to be granted or not in the exercise of sound judicial discretion, then, in view of the stipulation as to the facts entered into by the petitioner, the writ prayed for herein surely should not be issued.

The second contention of the petitioner is to the effect that, inasmuch as the statutes of the state in force when these assessments were made provided, in effect that all banks, state and national, shall be assessed upon the net value of their moneyed capital, surplus, and undivided profits, less the assessed valuation of any real estate owned by such corporation, etc., in so far as they relate to national banks, they are in conflict with section 5219, Revised Statutes of the United States, which provides, in effect, that neither the state nor any of its officers have authority to tax national banks other than upon their shares and the real estate belonging to such banks. It does not seem to us that this question is available to the petitioner in this proceeding. The record before us shows that the bank submitted to the regular assessments actually made against it for the years 1908 and 1909, returning its property for assessment and taxation upon the forms required by the state statutes then in force prescribing the mode of listing and taxing the property of all banks, state and national, and actually paid the taxes thus assessed against it upon an undervalued basis. Having thus acquiesced in this mode of assessment and voluntarily returned certain property as taxable, the bank is not now in a position to insist that the mode of assessment employed against it is invalid, merely because it is called upon to pay taxes upon property which was returned by it as taxable upon the basis of its fair cash value. 8 Cyc. 787, 791, 794, and notes.

Moreover, whilst it is true generally that the power of a state to tax national banks is confined to a taxation of the shares of stock in the names of the shareholders, and to an assessment of the real estate of the bank (Owensboro Nat. Bank v. City of Owensboro, 173 U. S. 664, 19 Sup. Ct. 537, 43 L. Ed. 850), still an assessment of the shares of stock in the name of the bank is not necessarily fatal to the validity of the tax. It is well settled that the state, in taxing the shares of stock of national banks, may assess the same in solido to the bank, and require the bank as the agent of the shareholders to pay the tax upon the shares, and to retain the dividends belonging to the shareholders, or to sell their stock to reimburse said bank for any taxes so paid. This is the effect of sections 5950, 5953, Wilson's Rev. Stat. 1903; and such statutes have been upheld in In re Assessment First Nat. Bank, 58 Okla. 508, 160 Pac. 469; Louisville First Nat. Bank v. Kentucky, 9 Wall. 353, 19 L. Ed. 701; Aberdeen First Nat. Bank v. Chehalis County, 166 U. S. 440, 17 Sup. Ct. 629, 41 L. Ed. 1069.

It will be observed that the property involved in the case at bar consists of taxable shares of stock of the bank which it was agreed were underassessed and undervalued for taxation for the year 1908 $11,000, and for the year 1909 $19,000. As this is the precise property upon which taxes are required to be paid at its stipulated fair cash value, by the order of the county court, we are unable to perceive any just ground for the issuance of a writ of certiorari, which, we have seen, is not a writ of right, but a discretionary writ, which the courts grant or refuse as justice may seem to require.

For the reasons stated, the writ of certiorari is denied.

SHARP, C. J., and HARDY, TURNER, and THACKER, JJ., concur.