**BOARD OF ED., CITY OF WILSON, v. CONSOLIDATED SCHOOL DIST. No. 72.**

No. 16148—Opinion Filed Sept. 8, 1925.

Rehearing Denied Nov. 3, 1925.

(Syllabus.)

1. **Schools and School Districts — Detaching Territory from District—Insufficient Signers to Petition—Orders Invalid on Face.**

Where the orders of the county superintendent and the board of county commissioners show on their face that a petition to detach certain territory from a school district is not signed by the required number of qualified voters residing therein, such orders are void on their face.

2. **Jury—Right to Jury Trial—Lack of Question of Fact.**

Where a jury has been demanded in a civil action and such demand is refused by the court, and trial thereafter had to the court, and all the evidence introduced thereon shows that such evidence presents a legal question for the court only and there is no question of fact that could have been determined by a jury, the refusal of the court to empanel a jury in such case is not prejudicial error.

Error from District Court, Carter County; W. F. Freeman, Judge.

See, also, 113 Okla. 217.

Pardue & Davis, for plaintiff in error.

Champion, Champion & George and Coakley & Mathers, for defendant in error.

LESTER, J. This action was begun in the district court of Carter county, Okla., by consolidated school district No. 72, Carter county, Okla., against the board of education of the city of Wilson (school district No. 43 independent). For convenience, the parties will be referred to as they appeared in the court below.

The controversy in this case arose over an attempt to detach certain territory from consolidated school district No. 72 and include the same in a newly formed common school district, No. 75. No officers were ever elected or appointed to serve in the newly formed district, and upon a petition signed by a majority of the qualified voters therein, the county superintendent of public instruction entered an order dissolving the said district and attached a portion of the territory that was originally detached from consolidated district No. 72 to independent school district No. 43. Consolidated school district No. 72 attacked the legality of detaching territory from its district and including the same in the formation of district No. 75. A hearing was had before the county superintendent of public instruction, and the said county superintendent held against the contention of district No. 72. An appeal was taken to the board of county commissioners of Carter county, who affirmed the action of the county superintendent. An action was then begun by consolidated district No. 72, in the district court of Carter county, to declare the order of the county superintendent and its substantial requirements by the board of county commissioners void, for the reason that the findings each show on their face that neither one-third of the qualified voters in the territory sought to be detached and placed in the new district, nor one-third of the qualified voters residing in the district from which it was sought to take the said territory, had signed the petition requesting that said territory be detached therefrom and included in the formation of a new school district. This case was tried to the court, and was thereafter appealed to this court, and on this date decided in favor of consolidated school district No. 72. See 113 Okla. 217.

The instant case involves a suit brought by the plaintiff to recover one-half of the taxes collected by the defendant for the fiscal year 1923 and 1924, and to restrain the defendant from collecting the other one-half, said taxes being assessed and levied upon valuations in the disputed territory. A trial was had in the district court of Carter county, judgment was rendered in favor of plaintiff, and the defendant prosecutes this appeal to reverse said judgment.

From the facts already stated it is seen that this court has held in another action that the orders of the county superintendent on the original hearing, as well as the orders of the board of county commissioners in affirming the same, were void on their face. The defendant contends, as the court of that county had previously issued its writ of mandamus compelling the county treasurer to pay over to the defendant the taxes involved in this action, that their rights had thereby become adjudicated; but from the record it appears that the plaintiff in this action was not a party to the suit and was not thereafter bound by the judgment entered therein.

The defendant also contends that it was

entitled to a trial by jury. We have carefully read the record, and cannot find a single issuable fact that could have been submitted to a jury. The answer of the defendant did not deny that it had received the money charged to have been received by the defendant in the plaintiff's petition; none of the records which were offered in evidence were in dispute. The legal effect of the orders of the county superintendent and the board of county commissioners, upon which defendant relied as authority to retain the moneys collected, presented a question of law for the court, and there was not a single fact involved that could have been left for a jury to determine which would have changed the legal result. The territory having been wrongfully taken from consolidated district No. 72, and the defendant having received the benefit of one-half of the taxes collected from the disputed territory, the plaintiff was clearly entitled to recover the same from the defendant. Judgment affirmed.

All the Justices concur.

Note.—See under (1) 35 Cyc. p. 840. (2) 4 C. J. p. 950, § 2929.