LENNON, County Supt., et al. v. SCHOOL DIST. NO. 11, GREER COUNTY.

No. 29891. May 13, 1941.

*113 P. 2d 382.*

W. T. Jeter, of Mangum, for plaintiffs in error.

Hollis Arnett, of Mangum, for defendant in error.

OSBORN, J. School district No. 11 of Greer county, Okla., filed a petition

for writ of certiorari in the district court of said county in which Jake Smart, county superintendent of schools of said county, and consolidated school district No. 5 of said county were made parties defendant. Plaintiff sought to have reviewed an order of the county superintendent dividing the property of three school districts after an order had been made creating such separate districts. Issues were joined and the cause was tried. At the conclusion of the hearing the trial court found that the order complained of was in excess of the jurisdiction of the county superintendent, vacated the same, and remanded the cause to the county superintendent for further proceedings. From said judgment defendants have appealed to this court.

There is no dispute as to the facts. It is shown that school district No. 11 and school district No. 27 were common school districts; that pursuant to the filing of a petition and after due and legal notice was given the two districts were attached to and became a part of consolidated school district No. 5. The order of attachment was made on June 25, 1938. Shortly thereafter some dissension arose with regard to the location of the schoolhouse and the patrons of the district residing in the territory formerly embraced in districts No. 11 and No. 27 filed a petition asking for a detachment of said territory from consolidated district No. 5. Due notice was given and pursuant to a hearing the county superintendent, on September 2, 1938, made an order detaching the territory formerly embraced in the two school districts from consolidated school district No. 5, which, in effect, re-established the boundary lines of said districts as they existed prior to June 25, 1938. At that time no order was made distributing the property among the three districts. An appeal was prosecuted by consolidated school district No. 5 to the county court, which appeal was thereafter dismissed by the county court and the appellant gave notice of appeal from said order of dismissal to this court, but on February 15, 1939, filed a written abandonment of the appeal and the order re-establishing the boundary lines became final.

Prior to that date, however, and on December 10, 1938, consolidated school district No. 5 filed a petition with the county superintendent asking for a distribution of the property. On the same date such order was made. In said order the county superintendent recited the various facts relating to the attachment and detachment of the property to consolidated school district No. 5, and further that there was a surplus of funds on hand in the county treasurer's office to the credit of school district No. 11 of $888.37, which was subject to a floating indebtedness of $515.59, and that there was a surplus in the county treasurer's office to the credit of school district No. 27 in the sum of $1,193.33, against which there was no indebtedness. It was further found that all of the territory included in school districts No. 11 and No. 27 was being served by consolidated school district No. 5, and that no school was being maintained or conducted in the buildings located in school district No. 11 or in school district No. 27. Pursuant to the findings so made, the county superintendent ordered the distribution of the property as follows:

"(1) It is the order of the County Superintendent that School District 11, Greer County, Oklahoma, retain as its property the school building located therein know as Miller Flat;

"(2) It is the order of the County Superintendent that School District 27, Greer County, Oklahoma, retain as its property the school building located therein known as Deer Creek;

"(3) It is the further order of the County Superintendent that Consolidated School District 5, Greer County, Oklahoma, retain as its individual property the sum of $888.37 and $1,193.33, respectively, now in the possession of the County Treasurer of Greer County, Oklahoma, and as set up in its supplemental budget for its own individual use and benefit in operating its school for the school year 1938 and 1939, subject, however, to the payment of the floating indebtedness in the sum of

$515.59, plus the accumulated interest thereon."

It is noted that this order was made subsequent to the order detaching the territory from consolidated district No. 5, but after the appeal had been prosecuted to the county court, where it was then pending. Under the provisions of section 6780, O. S. 1931, 70 Okla. St. Ann. § 598, all of the proceedings relating to the re-establishment of the boundary lines of the districts were stayed until the final determination of the matter on appeal; therefore, when the order distributing the property was made, school districts No. 11 and No. 27 were still a part of consolidated school district No. 5.

It appears that Jake Smart resigned his office and his successor, T. E. Lennon, was substituted as party defendant.

The sole contention before the trial court and before this court is that the order of December 10, 1938, distributing the property was void in that it was made without notice or hearing to those school patrons residing in the territory embraced within districts No. 11 and No. 27. It is urged that a jurisdictional question is presented, and therefore the writ of certiorari was properly granted.

An examination of all the pleadings and the evidence discloses that no contention whatsoever is made with reference to that portion of the county superintendent's order relating to distribution of the physical properties of the district. The sole contention relates to that portion of the order which purports to authorize consolidated district No. 5 to use the surplus funds which were in the possession of the county treasurer to the credit of districts No. 11 and No. 27, Section 6924, O. S. 1931, 70 Okla. St. Ann. § 255, provides:

"If any school district uniting to form a consolidated district shall have, at the time of its disorganization, a legally bonded indebtedness, such indebtedness shall attach to and become a charge against the territory comprised in such disorganized district at the time of the disorganization, and it shall be the duty of the county excise board of the county or counties in which such territory is located to cause annually to be levied upon the property, real and personal in such disorganized territory, a tax sufficient to meet the interest and provide a sinking fund for the payment of such indebtedness; provided, that the assets and property of any disorganized district having an indebtedness shall first be applied in payment of its floating indebtedness, if any, and then its bonded indebtedness, and the residue, if any, shall belong to the consolidated district."

In the case of School Board v. Edwards, 184 Okla. 384, 87 P. 2d 962, 121 A. L. R. 820, it was held:

"If a common school district, having a bonded indebtedness, joins others in forming a consolidated district, its assets and property must be applied in payment of its said indebtedness, and the residue, if any, then goes to the consolidated district."

We do not here determine the force and effect of the order of the county superintendent with relation to the use of the funds herein involved. Suffice it to say that under our statutes and decisions the consolidated district was the owner thereof at the time of said order, although same were carried on the books of the treasurer to the credit of the common school districts.

In the case of Southern Nat. Bank of Wynnewood v. Wallace, 63 Okla. 206, 164 P. 461, we said:

"The scope of a writ of certiorari was quite limited at common law, and is therefore likewise limited in this state; the proceedings upon the return are confined solely to the record of the lower court or tribunal, and the writ will issue only in cases where no appeal or proceeding in error lies, and, ordinarily, where the wrong or injury cannot otherwise be corrected. The purpose of the writ in all cases is to prevent injustice. It is not a writ of right, but is to be granted or not in the exercise of sound judicial discretion."

In the instant case plaintiff has failed to show a wrong or injury resulting from the order of the county superin-

tendent complained of, and there appears to be no injustice to be corrected. Under these circumstances the trial court abused its discretion in granting the writ.

Accordingly, the judgment is reversed and the cause is remanded, with directions to dismiss the proceeding.

CORN, V. C. J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS and GIBSON, JJ., absent.