SCHOOL BOARD OF CONS. SCHOOL DIST. No. 47 et al. v. MONSEY, County Supt.

No. 32487. Dec. 10, 1946.

*175 P 2d 76.*

Brown & Cund, of Duncan, for plaintiffs in error.

Jerome Sullivan, of Duncan, for defendant in error.

HURST, V.C.J. On October 30, 1945, a petition signed by a majority of the voters of Burrows joint consolidated school district No. 36, located partly in Stephens county and partly in Garvin county, was filed with the county superintendent of Stephens county asking that an election be called to determine whether that school district should be annexed to Doyle consolidated school district No. C-47 of Stephens county. Pursuant to said petition, the county superintendent gave notice that the election would be held on November 14, 1945, and on that day the voters of the district voted to make the annexation. On November 5, 1945, the voters of joint school district No. J-64 of Stephens and Garvin counties, known as Tidwell school district, filed with the county superintendent of Stephens county a petition asking that an election be called to authorize the annexation of that school district to Doyle consolidated school district. Pursuant to notice given by the county superintendent, an election was held on November 16, 1945, at which time the voters of Tidwell school district voted to annex that district to Doyle consolidated school district.

On November 13, 1945, the day before the election was to be held in the Burrows joint consolidated school district, the voters of the Doyle consolidated school district and the board of education of said district filed with the county superintendent of Stephens county petitions requesting that that portion of the Doyle consolidated school district formerly comprising Stone school district No. 35 be annexed to Velma Consolidated school district No. C-14 and that the remainder of Doyle consolidated school district, formerly comprising Doyle school district No. 47, be annexed to Bray consolidated school district No. C-42, but the county superintendent refused to act on these petitions, since they did not request an election to be held to authorize the annexations. The record discloses that Doyle consolidated school district was formed in 1939 by the consolidation of Stone school district No. 35 and Doyle school district No. 47.

On November 23, 1945, but before the orders of annexation were made, this action was filed by the members of the school board of Doyle consolidated school district to enjoin the county superintendent of Stephens county from making orders annexing Burrows joint consolidated school district and Tidwell school district to Doyle consolidated school district, alleging that the county superintendent of Garvin county was not consulted in connection with the proposed annexations and that the school board of Doyle consolidated school district had not consented to the annexations. At the trial, the facts above stated were stipulated, and it was agreed that Stone district No. 35 was never a part of the Velma consolidated school district and that the original Doyle district No. 47 was never a part of Bray consolidated school district and that neither of said districts was ever a part of the Burrows district. From a judgment denying the injunction, the plaintiffs have appealed.

The appellants contend that it was necessary that the board of directors of Doyle consolidated school district give its consent to the annexations, which was not done, and that the case is controlled by the proviso to 70 O.S. 1941 §251, reading as follows:

"Provided that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such

territory desiring to be attached, and by the board of directors of such consolidated district."

They say that the quoted proviso was not repealed by Senate Bill No. 5, of the Nineteenth Legislature, S. L. 1943, page 208.

The appellants do not contend that the required number of voters did not sign the annexation petitions or vote for the annexations. It is stipulated that the territory of each district seeking annexation lying in Stephens county had a greater assessed value than that part of the territory of each lying in Garvin county. Therefore, the county superintendent of Stephens county had jurisdiction of the annexation proceedings, as provided in section 2 of Senate Bill No. 5, above.

The appellee points out that the quoted proviso contained in 70 O.S. 1941 §251 was expressly repealed by Senate Bill No. 81 of the Eighteenth Legislature, S. L. 1941, page 407, and argues that it is no longer in force, and that the case is controlled by Senate Bill No. 5 of the Nineteenth Legislature, and that Senate Bill No. 5 does not require that the consolidated district to which another district is to be annexed give its consent to the annexation.

There are two reasons why, in our opinion, the judgment must be affirmed.

1. 70 O.S. 1941 §251 formerly appeared as §6915 of Oklahoma Statutes 1931. Section 9 of Senate Bill No. 81, above, provided:

"The following acts and parts of acts are hereby expressly repealed: . . . that part of Section 6915, Oklahoma Statutes 1931, relating to the annexation of territory to a consolidated district: . . ."

Section 9 of Senate Bill No. 81 expressly repealed several sections relating to annexation of territory to districts of all kinds, classes and types, and section 7 provided:

"No school district or part of school district shall hereafter be annexed to or united with any other district or part of district except in the manner provided in this act."

Senate Bill No. 81 was incorporated in the 1941 Compilation as 70 O.S. 1941 §§890.1-890.8. Likewise all of section 6915 of Oklahoma Statutes 1931 was incorporated in the 1941 compilation as 70 O.S. 1941 §251, including the proviso that had been repealed. However, the compilers inserted a note following section 251, reading as follows:

"Repealed in part. That part of this section relating to annexation of territory to a consolidated district is repealed by Laws 1941, page 410, §9. See sections 890.1 to 890.8 of this title."

Section 1 of article 4 of chapter 34 of S. L. 1939, page 171 (70 O.S. 1941 §281), authorized the annexation of a common school district to a union graded school district in the same manner as a common school district could be annexed to a consolidated school district. This provision was expressly repealed by section 9 of Senate Bill No. 81. Likewise section 1, art. 4, ch. 34, S. L. 1939, was included in the 1941 compilation as section 281, just as all of section 6915 of the 1931 Compiled Statutes was inserted, and the repealed portion was not omitted, but a footnote similar to that inserted following section 251 was inserted by the compiler showing its repeal.

Thus it seems that the compilers, in at least these two instances, did not omit parts only of sections that had been repealed.

Section 1 of Senate Bill No. 81 (70 O.S. 1941 §890.1) required that "a majority of the members of the school district board of the district to which said territory is sought to be annexed" sign the petition for annexation. But, as pointed out by the appellee, no such provision was inserted in Senate Bill No. 5.

By House Bill No. 519 of the Eighteenth Legislature, S. L. 1941, page 457, sec. 2, the West Publishing Company,

as compiler of the Oklahoma Statutes 1941, was required to eliminate "all repealed laws and those held unconstitutional by the highest courts." But instead of eliminating the repealed portion of section 251, the compiler included it with the footnote above quoted showing its repeal.

By Senate Bill No. 99 of the Nineteenth Legislature, S. L. 1943, page 252, the Oklahoma Statutes 1941, so "compiled, codified and annotated and indexed," was "adopted and made of force as the Code and Revised Statutes."

In view of the history of section 251, was it the intention of the Legislature to put in force the proviso that had been previously repealed and which was so left in section 251 when the statutes were compiled? We think not. The Montana court so decided under a similar state of facts in State v. American Bank, 75 Mont. 369, 243 P. 1093. See, also, 59 C.J. 893.

We think the Legislature, in adopting the Code intended that all future annexations should be governed by the 1941 annexation law, Senate Bill No. 81, 70 O.S. 1941 §§890.1-890.8.

2. But, assuming that the proviso to section 251 was adopted along with the remainder of the section by the act adopting the 1941 Code, we think there is another reason why it is not now in effect.

On April 13, 1943, one day after the adoption of Oklahoma Statutes 1941 as a code of revised laws, Senate Bill No. 5, above, was enacted. It did not expressly repeal the proviso to section 251, but did expressly repeal that part of Senate Bill No. 81 included in Oklahoma Statutes 1941.

Section 9 of Senate Bill No. 5, which is the same as section 7 of Senate Bill No. 81, provides:

"This Act shall not be construed as abolishing or affecting the status of any school district organized or formed according to law prior to the effective date of this Act, *but no school district, or part of school district, shall hereafter be annexed to or united with any other district or part of district except in the manner provided in this Act,* provided that this Section shall not be construed as preventing the organizing of consolidated districts according to existing laws." (Italics ours.)

The annexing proviso to section 251 is inconsistent with Senate Bill No. 5 in several particulars. Section 251 authorizes the annexing of parts of districts to other districts, while Senate Bill No. 5 forbids it. Board of Education v. Allen, 195 Okla. 209, 156 P. 2d 596. Section 251 provides that the order of annexation shall be made on petition without requiring a vote of the electors, while Senate Bill No. 5 provides that it shall be made only after a vote of the electors authorizing the annexation. Section 251 requires that the annexing district give its consent to the annexation, while there is no such provision in Senate Bill No. 5. Because of these inconsistencies, and because Senate Bill No. 5 was intended to cover the whole subject of annexations to all kinds, classes and types of school districts as stated in section 1, and because of the language of section 9 of Senate Bill No. 5, above quoted, we think Senate Bill No. 5 had the effect of repealing the annexing proviso to section 251, and that we must look solely to Senate Bill No. 5 for the authority and procedure for annexing territory to any kind, type or class of school districts. The Legislature evidently did not intend to discriminate in favor of consolidated districts so as to require the ronsent of consolidated districts when no consent was required of independent districts and common school districts.

We are committed to the rule that the Legislature has full power to change the boundaries of school districts, and it is not necessary that the annexing district give its consent to the annexation. Dowell v. Board of Education, 185 Okla. 342, 91 P. 2d 771. Since Senate Bill No. 5 does not require that the an-

nexing district give its consent to the annexation, such consent is not required.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur.