CITY OF ADA v. WHITAKER et al.

No. 33496. Dec. 6, 1949.

*212 P. 2d 482.*

Mack M. Braly, of Ada, for plaintiff in error.

Turner M. King and Carloss Wadlington, both of Ada, for defendants in error.

O'NEAL, J. This is an appeal from a judgment and decree declaring a certain ordinance of the city of Ada, attempting to annex a ten-acre tract of land, owned and occupied by defendants in error, invalid.

Defendants in error were plaintiffs below and city of Ada et al. were defendants, and the parties will be herein referred to in the same relation as in the trial court.

Plaintiffs commenced this action in the district court of Pontotoc county against the city of Ada, a municipal corporation, Charlie Rushing, county assessor and Sam Dew, county treasurer of said county.

Plaintiffs attacked the validity of Ordinances Numbers 764 and 768, whereby the city of Ada purported to annex, with other lands, plaintiffs' property consisting of ten acres of land which had not been subdivided into lots and blocks and which had but one dwelling house located thereon, and assert that the attempted annexation thereof was without plaintiffs' consent. They further alleged that three sides of said tract of land were not adjacent to, or abutting on, property already within the limits of the city of Ada.

Defendant, city of Ada, by its answer admitted all the allegations of plaintiffs' petition except the allegation that the three sides of said land are not adjacent to, or abutting on, property within the city limits, which allegations defendants specifically denied, and affirmatively asserted that three sides of said land are adjacent to, or abutting on, the city limits. That is the only controversial question at issue.

The case was tried to the court without a jury, resulting in a finding that "the plaintiffs have sustained the allegations of their petition and are entitled to judgment against said defendants as prayed for in said petition."

Judgment was entered accordingly, and defendant, city of Ada, appeals.

There are three assignments of error:

(1) Error in overruling defendants' demurrer to plaintiffs' evidence.

(2) Error in .overruling defendants' motion for judgment against plaintiffs at the close of plaintiff's evidence.

(3) Error in rendering judgment for plaintiffs.

All three of the assignments go to the sufficiency of the evidence and may be considered together. Most of the facts were stipulated and there is no substantial conflict in the evidence as to the facts not stipulated.

The record shows that plaintiffs' land consists of ten acres in the form of a square 660 feet by 660 feet. On the north and east sides thereof, it is adjacent to, or abutting on, property already within the limits of the city of Ada. On the south side there is no property within the city limits. On the west side of plaintiffs' land there is property within the city limits immediately adjacent to and abutting on plaintiffs' land from the northwest corner thereof for a distance of 390 feet running south. From that point on south to the southwest corner of plaintiffs' land, a distance of 270 feet, there is no property west of plaintiffs' land within the corporate limits of the city of Ada. As shown by the evidence, all of the land lying west of the south 270 feet of plaintiff's land is open country, either farming or range land.

Defendant contends that all of plaintiffs' land is adjacent to, or abutting on, property already within the city limits of the city of Ada. In this connection, defendant cites a number of cases defining the word "adjacent." The same is defined in Petitioners of School District No. 9, Caddo County, v. Jones, Dist. Judge, et al., 193 Okla. 9, 140 P. 2d 922. Therein the definition of said term, as contained in Webster's Dictionary of Synonyms, is quoted, with approval, as follows:

"Adjacent does not always imply actual contact, but it does not admit

of anything of the same kind between; thus, adjacent lots are in contact, but adjacent houses may or may not be."

Another case cited by defendant is Board of Education of City of Ottawa v. Jacobus, County Superintendent of Public Instruction, 83 Kan. 778, 112 P. 612, where it is said that the word "adjacent" is sometimes defined as "lying near to, but not actually touching." However, it is also pointed out therein that said term has no arbitrary definitions, but its meaning depends largely upon the subject matter to which it is to be applied, and the object which the Legislature is seeking to carry out.

In Chicago & North Western Railway Co. v. Chicago Mechanics Inst. et al., 239 Ill. 197, 87 N. E. 933, in construing a statute giving a railway company power to condemn adjacent land for enlargement for terminus facilities, it was held that the word "adjacent" should be construed as "lying near [and] neighboring [in] but not necessarily in contact."

In re Bridge Bonds, Ratliff Tp., Johnston County, 35 Okla. 192, 128 P. 681, it is noted that the word adjacent does not at all times mean "adjoining or abutting," but it is many times so used and the purpose of its use is to be known from the context.

The authority to change city limits. is contained in 11 O.S. §481, as follows:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as in its judgment and discretion, may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned; Provided, Further, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip shall be considered as adjacent or abutting within the meaning of this section; And Provided, Further, that tracts of land in excess of forty acres shall not be subject to city taxes."

Bearing in mind that the word "abutting" is one of the synonyms for the word "adjacent," it may be noted that the Legislature, in section 481, supra, provided that:

". . . in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned; . . ."

The words "adjacent to" or "abutting on" are synonymously used. As there used, "adjacent to" means the same as "abutting on." That is evidently the intention of the Legislature, as shown by the further proviso:

". . . that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip shall be considered as adjacent or abutting within the meaning of this section; . . ."

In re Sadler et al., 142 Pa. 511, 21 Atl. 978, dealing with the question of annexation of lots, outlots, and other tracts of land adjacent to a borough, the Supreme Court of Pennsylvania said:

"The word 'adjacent,' we think is used in its primary and obvious sense as adjoining or contiguous, for we can-

not conceive that the Legislature would annex to a borough a section of land or village wholly severed by the intervening lands of a township, so as to establish two entirely separate villages in one municipality. . . ."

It is also said therein that the essential and distinctive purpose and object of establishing a borough, the location and grading of streets, laying sewers, etc., would be rendered impracticable, and in many cases impossible by reason of the intervening territory. It is, therefore, obvious that the Legislature did not intend to provide for the annexation of territory to a city with intervening territory, except where such intervening territory is a strip less than four rods in width. There is no property within the city limits west of the south 270 feet of plaintiffs' land. 9/22 of the west side, and all of the south side of plaintiffs' land are without adjacent or abutting property within the city limits. Therefore, only the north side and the east side and part of the west side of plaintiffs' land has property within the city limits lying adjacent to or abutting on plaintiffs' land. The city has no power to annex said land without the consent of said owners. In fact, it is specifically prohibited from so doing.

Defendant city of Ada contends that plaintiffs have no capacity to maintain this action under the decisions of this court in Moore et al. v. City of Perry et al., 126 Okla. 153, 259 P. 133, and City of Blackwell v. City of Newkirk et al., 31 Okla. 304, 121 P. 260.

The question is not properly before this court under the record. 12 O. S. 1941 §263 enumerates the only pleadings allowable, among which is a demurrer. The demurrer may go to the petition of plaintiff, to the answer of defendant, or to the reply of plaintiff.

12 O.S. 1941 §267 provides the grounds upon which a demurrer to the petition may be based. The second ground is "That the plaintiff has no legal capacity to sue."

The rule is: Where the circumstances are such that the objection to plaintiffs' incapacity should be raised by demurrer, the failure to raise the objection constitutes a waiver of the same as where, instead of demurring, the defendant pleads or answers to the merits. But where plaintiffs' lack of capacity to sue does not appear on the face of the pleadings and defendant raises the question by answer, failure to demur for incapacity does not constitute waiver of the objection.

In the instant case, defendant city of Ada did not demur to plaintiffs' petition on the ground of lack of capacity of plaintiffs to sue, nor upon any other ground, and said question was not raised in the answer.

In Binion et al. v. Lyle, 28 Okla. 430, 114 P. 618, it is said:

"If defendants by this intend to raise the objection that plaintiff had no legal capacity to sue . . . we answer that, under our statute, said objection is a ground of demurrer which should have been thus urged to the pleading when amended. Not having been so raised, it is waived."

The question of lack of capacity of plaintiff to sue, if any, was waived. Furthermore, there is no specification of error going to that question. Affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.