BARNETT et al. v. ALLEN.

No. 34400.   Dec. 11, 1951.

*238 P. 2d 811.*

Leander Hall, Hominy, for plaintiffs in error.

Byers & Ledbetter, Cleveland, for defendant in error.

ARNOLD, C. J. Appeal by plaintiffs above named from an order and judgment of the district court of Osage county sustaining the demurrer of defendant above named to the evidence of plaintiffs and dismissing their appeal from an order of the county superintendent of education of Osage county.

On February 3, 1949, there was filed with and presented to the county superintendent of Osage county a petition signed by 60 qualified electors, which were a majority of those residing in School District No. 48 in that county, requesting that an election be held to determine whether said District No. 48 should be annexed for school purposes to School District No. 6 in Pawnee county. This petition was found to be sufficient, and accordingly the superintendent, after proper notice and in due form, called an election to be held at the schoolhouse in the district on March 8, 1949, between the hours of 2 and 4 p.m., for the purpose of voting on the question so requested to be determined. The election resulted in 32 votes for annexation and 28 against. On the same day the superintendent canvassed the votes, declared the result and posted notices thereof and advising those interested that an appeal might be taken within 10 days. An appeal was perfected to the district court and heard therein May 3, 1949.

For vacation of the order and for reversal of the judgment of the trial court, plaintiffs first contend that the court erred in holding that only a majority of those participating in the election was necessary to a valid determination of the question submitted. It is insisted that by the plain language of 70 O.S. 1941 §891.1, 1945 Supp. (Title 70, ch. 24, sec. 1, S.L. 1943), a majority vote of all qualified voters in the district is necessary. This court has determined this question adversely to plaintiffs' contention in the case of Cruzan et al. v. Kirk et al., 199 Okla. 45, 181 P. 2d 842, wherein all of the pertinent provisions of said 1943 act are quoted and the intent of the Legislature determined. The opinion states:

"Considering the act as a whole, there is no reason to assume the Legislature intended to make it easier to detach than to annex a school district. We hold it was the legislative intent that both in annexing and detaching a majority vote of those who voted would be sufficient."

Not only so, but at its next session after this decision became final, the Legislature approved and followed this interpretation when it enacted the first section of article 7, chapter 1-A, Title 70, S.L. 1949, eliminating the ambiguity in the language of the 1943 Act.

For their second proposition plaintiffs restate assignments of error Nos. 2, 3, 4, and 5, which read:

"2. That the court erred in holding that under the statute a school district in one county can be annexed to a school district in another county.

"3. That the court erred in holding that the County Superintendent of Pawnee County had no functions to perform in the matter of the annexation of School District No. 48 in Osage County to School District No. 6 in Pawnee County.

"4. That the court erred in holding that the Board of Education of School District No. 6, Pawnee County, had no functions to perform in the annexation of School District No. 48 of Osage County to said School District No. 6 in Pawnee County.

"5. That the court erred in sustaining the demurrer of the defendants to the evidence offered on behalf of the plaintiffs."

Under Nos. 2, 3, and 4 the only argument presented is as to the meaning of "adjacent". They contend, as we understand the argument, that because the Arkansas river is the boundary line between District No. 6 and District No. 48 they are not adjacent. Petitioners of School District No. 9, Caddo County, v. Jones et al., 193 Okla. 9, 140 P. 2d 922, is cited and relied on, but the factual situation considered in that case is so entirely different from the situation here that its holding is without force in the instant case. These districts are "adjacent" because there is nothing of like character between and separating them. Petitioners of School District No. 9, Caddo County, v. Jones, supra; Ensley et al. v. Goins et al., 192 Okla. 587, 138 P. 2d 540; City of Ada v. Whitaker, 202 Okla. 249, 212 P. 2d 482.

Under No. 5 plaintiffs contend that the court erred in sustaining the demurrer to plaintiff's evidence. In this connection it is asserted that the court failed to find as a fact in the trial that a majority of the qualified voters in District No. 48 signed the petition requesting the calling of the election and did not consider misrepresentations made by circulators of the petition.

There was no occasion for the court to make such a finding of fact because it was stipulated by the parties in open court that the petition was signed by a majority of the qualified voters of the district and no proof was made or offered to the contrary.

The alleged misrepresentation made by circulators of the petition was to the effect that if the district were not annexed to District No. 6 it would be annexed to the Hominy district. There is no competent evidence that this statement was false or that it influenced the result of the election thereafter held.

Finally, plaintiffs assert under their third proposition, but without argument or citation of authority, that the trial court erred in this statement from the bench at the close of argument on demurrer to plaintiff's evidence:

"I am going to sustain the demurrer to the petition and dismiss this action and render judgment for School District No. 6 . . . I will sustain the order of the County Superintendent of Osage County directing the annexation."

This reference to School District No. 6 was evidently inadvertent because that district was not a party to the proceeding and no such reference to it appears in the journal entry of judgment. We think error is not shown by this remark from the bench.

In their concluding summary plaintiffs ask this court to hold that the county superintendent of Osage county

was without authority to order the annexation without the consent of the board of School District No. 6. This court has ruled adversely to this request in the case of School Board of Consolidated School District No. 47 v. Monsey, County Supt., 198 Okla. 41, 175 P. 2d 76.

Judgment affirmed.

HALLEY, V.C.J., and CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.