## SHARP et al. v. OKLAHOMA CITY et al.

No. 27615.   Nov. 23, 1937.

Rehearing Denied Dec. 21, 1937.

Everest, McKenzie & Gibbens, for plaintiffs in error.

Harlan Deupree, Municipal Counselor, and A. P. Van Meter, Asst. Municipal Counselor, for defendants in error.

RILEY, J.   This is an appeal from an adverse judgment wherein owners of certain land sought to have declared null and void an ordinance enacted by the city of Oklahoma City, whereby certain territory, including land owned by plaintiffs in error, was annexed to and incorporated within the city limits of said city.

The territory affected consists of six ordinary city blocks, four of which are in what is known as West's Highland Gardens addition, and two in what is known as Brooklyn Heights addition, and a strip of land about 177 feet wide and about 1,622 feet long connecting same with the city limits. This made the tracts so annexed adjacent to and bordering on the then city limits for only about 177 feet. The total area affected comprises

31 acres plus, exclusive of streets and alleys.

The connecting strip consisted of the south half of block 9, Brooklyn Heights addition, owned by plaintiff in error Sharp, a strip equal to about one-half of an ordinary city block off of the south side of a tract of land owned by Mrs. E. E. Graves, and a similar strip between that of Mrs. Sharp and the western boundary of the city, the ownership of which does not appear.

Sharp, Mrs. Graves, and Eleanor Williams, who own the greater part of one of the blocks in the annexed area, brought the action, but Mrs. Graves does not appeal; she is made a party defendant in the appeal.

All the four blocks in West's Highland Gardens addition were subdivided into lots. The west 112.5 feet of block 16, in Brooklyn Heights, was divided into six lots with a residence on each lot. This is the part of the block not owned by plaintiff Williams. The other block in Brooklyn addition is not divided into lots, but has four dwelling houses thereon. In all there are 48 dwelling houses and two business buildings on the 31 acres.

The first petition presented to the city council included all the 15 acres owned by Mrs. Graves, the north ½ of block 9, all of block 8, in Brooklyn addition, and in all about 51.12 acres. The signers of that petition represented but 44 per cent. of the area sought to be annexed. The petition was referred to the planning board. It being apparent that the resident owners of more than one-half of the area covered by that petition had not signed the petition or otherwise given their assent in writing, an amended petition was presented covering the area reduced to 31 acres plus. Of this area the brief of plaintiffs in error (page 18) states that the petitioning residents represented 58 per cent. No one block or other tract covered by this petition contained as much as five acres. The tracts owned by plaintiffs in error were vacant and unoccupied as to dwellings or other buildings.

It is practically conceded that the proceedings had are within the letter of the controlling statute. The principal contention is that the spirit, plan, and purpose of the Legislature as to the incorporation of cities and permitting an extension of the city limits are violated.

This contention is based upon the shape of the total area affected, in that the main body of the area, that part within which all the resident signers of the petition reside, and in which their property is located, is connected or rendered adjacent to the city limits only by the "shoe string" strip 177.5 feet wide and some 1,662 feet long.

Section 6130, O. S. 1931, is the applicable statutory provision. Said section in broad terms first provides that:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as in its judgment and discretion may redound to the benefit of the city."

The broad powers thus conferred are then limited by the proviso:

"That in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added."

Then an exception from the proviso is made that:

"When three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned."

Then follows a proviso to the effect that territory sought to be added shall be deemed as adjacent or abutting within the meaning of the statute when separated from the city limits by an intervening strip less than four rods in width. Then follows a further provision that tracts of land in excess of 40 acres shall not be subject to city taxes.

The power thus given to annex is limited in this case by the first proviso.

The second exception contained in the first proviso does not apply, because three sides of the territory involved were not adjacent to or abutting on property already within the city limits.

The point is made that, inasmuch as section 6417, O. S. 1931, provides that any town, village, or community of people residing in a compact form, having a population of 2,000 inhabitants, etc., may become a city, that any territory added thereto thereafter should be in "compact form," and if not, the attempted addition would be ineffective.

The point is not well taken. In the first place, the law does not provide that territory added to the city limits shall be in compact form or in any particular shape.

There is no way to anticipate in which direction, or in what particular way a city will expand, or what directions or shape the expansion will take. In many instances natural surface conditions might prohibit expansion or extension in a particular direction at one point, and readily permit or encourage same at another point and extend in irregular form so that the particular shape or form of proposed additions are not to be considered.

It is next contended that to connect a proposed addition to the city by a narrow strip running from the one to the other has been condemned in other states. Several cases from California which plaintiffs in error assert sustain their contention are cited. These cases involve the question of connecting proposed additions with separate tracts consisting of a narrow strip. But the statute of California differs in certain vital respects from ours. There the law requires the tracts to be contiguous and "inhabited" or an affirmative majority vote of each separate noncontiguous tract. Our statute, as pointed out, requires only the written consent of the resident owners of a majority of the total area to be annexed. People v. City of LeMoore (Cal. App.) 174 P. 93, is one of the cases relied upon. There two of several tracts were sought to be connected by a strip 30 feet wide and 1,650 feet long. It was held that the two tracts were not contiguous. But this was because the strip consisted of 30 feet of a public highway.

In People ex rel. Peck v. City of Los Angeles, 97 P. 311, it is said:

"It will be observed from these provisions of the act that there is no limitation whatever expressed in the statute as to the extent or form of the territory to be annexed, and there is nothing from which any limitation can be implied. It has plainly left the matter of the annexation of any territory to a municipality to be determined by the people—the voters of the municipality and the territory proposed to be annexed. The Legislature itself in the very nature of things could not lay down any rule as to the extent, shape, or character of territory which might be annexed to any given municipality. This must necessarily depend on very many reasons—questions of expediency and policy—affecting the various municipalities, and adjacent territory to be annexed, in different ways."

Then:

"That the extent and shape which the annexed territory shall take is a political and not a judicial question, is clear from the conclusion announced by this court in the case of People v. Town of Loyalton, 147 Cal. 774, 82 P. 620."

Section 6130, O. S. 1931, contains no limitation whatever as to the extent, form, or shape of the territory to be annexed, and there is nothing therein from which such limitation may be implied.

The point is made that a part only of the 15 acres owned by Mrs. E. C. Graves could not be added to the city, where an attempt had theretofore been made to add the entire 15 acres, and failed.

This contention is untenable. In Boise City v. Boise Development Co. (Idaho) 238 P. 1006, it is held that a part only of a large tract may, in the discretion of the city council, be added where under the law the whole tract might have been included.

Inasmuch as Mrs. Graves does not appeal, and has thereby acquiesced in the judgment, plaintiffs in error apparently have no cause to complain that the annexation includes a part only of the Graves land. In the Boise City Case, supra, a somewhat similar situation arose.

There a part only of lands belonging to others than appellants had been included in the annexation. One of such parties, Mrs. Louisa E. Butler, did not appeal. The city in the meantime having acquired all her land, the other party appealed by separate proceeding on the judgment roll alone, on other questions. The Supreme Court in the opinion said:

"Many reasons might be advanced from the standpoint of the city why certain property immediately contiguous should nevertheless not be a part of the city and, while the city under the statute under consideration may annex all of the adjacent and contiguous tracts, it is not unreasonable and illogical to hold that the city council may exercise their best judgment as to what should be annexed. Appellant (Martha J. Johns) has no cause to complain that the annexation does not include all of the Baxter and Butler tracts. Her only interest is in her own land."

So here, the only interest of plaintiffs in error is in their own land.

A contention is made that the petition did not state that all the signers were resident owners of land within the annexed area, and therefore was insufficient to confer jurisdiction upon the city council to annex the area. The contention is not sustained. First, because section 6130, supra, does not require a petition. All that is required in a case like the instant one is

the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added. This consent may be shown by petition or other writing. The petitioners all represented themselves to be residents of the territory. The question of whether they were owners of property therein, and if so, how much, then become one for investigation by the city council, and it is presumed that proper investigation was made and the fact determined by the council that a majority in acres was owned by the signers. Besides that, plaintiffs in error say in their brief (p. 18), "The total area covered in this amended petition is 31.019 acres and the petition residents represented 18.006 acres, or 58 per cent."

Furthermore, the ordinance in the third paragraph of the preliminary recitals or inducement provisions recites:

"Whereas, the resident owners, of more than a majority of the whole number of acres included in such property particularly described in this ordinance, have given their written consent to the annexation of such property to the city of Oklahoma City."

From this it sufficiently appears that the council "took evidence" upon the jurisdictional requirements.

In People v. City of Whittier (Cal. App.) 24 P. (2d) 219, a proceeding of this nature was said to be a collateral attack. It was there said:

"For all we know (and this collateral attack cannot inquire), each councilman himself knew the territory well, or each and/or all of them went to view the property between the third of the month, the filing date, and the tenth of the month, the date of the ordinance."

The recitation above quoted raises a conclusive presumption in this kind of a case that the city council took evidence as to the residence and ownership of land of each signer of the petition and the amount owned by each.

The annexation ordinance violates neither the letter of the statute nor the spirit, purpose, or intent of the Legislature.

The judgment is affirmed.

OSBORN, C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.