Alice H. BOTSFORD and J. R. Goodin, Plaintiffs,

v.

The CITY OF NORMAN, a Municipal Corporation, Defendant.

No. 9595.

United States District Court
W. D. Oklahoma.

Jan. 13, 1964.

Otjen, Carter, Huddleston & Otjen, Enid, Okl., for plaintiffs.

John M. Luttrell, Norman, Okl., William F. Collins, Jr., Oklahoma City, Okl., and Fielding D. Haas, City Atty., City of Norman, Okl., for defendant.

BOHANON, District Judge.

This diversity action was instituted by Kenneth Berry, Alice H. Botsford and J. R. Goodin, plaintiffs, against the City of Norman, a Municipal Corporation, and numerous other defendants, seeking a declaratory judgment under 28 U.S.C.A. § 2201. After the filing of the Complaint, all of the defendants except the City of Norman were dismissed from the action. The plaintiff Kenneth Berry sold and conveyed his interest in the property involved, and is no longer a party to the action. At the time of trial, the case stood as one between Botsford and Goodin, as plaintiffs, and the City of Norman, as defendant. It is admitted that the plaintiffs are not citizens of the State of Oklahoma, but of other states. The Complaint alleges that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. Under these facts and the allegations of the Complaint, the Court has jurisdiction of the parties and the matters in controversy.

The record discloses, or the Court otherwise takes judicial knowledge, of the following facts:

In the City of Norman (having a population of 33,412 exclusive of student enrollment) is located the University of Oklahoma, with a student enrollment of approximately 12,000 resident students, and it is anticipated that in the foreseeable future the enrollment will be 20,000 to 25,000 resident students, and it is of great importance to the welfare of the City of Norman and the State of Oklahoma that these resident students, while in school, be provided the highest and best atmosphere of a well-regulated city. The record shows that the City of Norman has committed itself to a large expenditure of money to provide an adequate water supply for the City and the University of Oklahoma. This water supply is located on the eastern edge of the newly annexed property. All of the annexed property, save and except the east fringe edges, is within the Little River Reservoir watershed. A substantial portion of the Little River Reservoir water is committed to the domestic use of Midwest City, Oklahoma, a few miles distant from Norman, with a population of 36,058, and a substantial portion of the water is committed to the domestic use of Del City, Oklahoma, with a population of 12,934. For the domestic use of the three cities combined, the preservation of the water is of paramount importance for the health, welfare and anticipated future growth of the three communities.

The Court finds that the City of Norman has, since October 18, 1961, the date of annexation, furnished, and is continuing to furnish, police protection, fire protection, street and road assistance, hospital privileges, park privileges, and many other services, and on completion of the Little River Reservoir will furnish many recreational facilities to all the people of the City of Norman, including the annexed area.

The plaintiffs complain that they have been damaged by the annexation program. The evidence shows that the plaintiffs' lands have been enhanced in value by reason of the many millions of dollars spent by the City of Norman, Midwest City, Del City, and the United States Government in the construction and further maintenance of the Little River Reservoir. The unlimited water supply, the recreational facilities, the opportunity for industrial development and benefits to the personnel of the University of Oklahoma all inure to the benefit of all the land owners within the annexed area. Based upon the findings made by the Norman City Commissioners that the annexed area was necessary for the health and welfare of the citizenry of the City of Norman, the Court finds that the Norman City Commissioners were warranted in the annexation of the lands in question for the proper use and protection and benefit of the City of Norman and that such actions of annexation were not an abuse of discretion.

The Ordinances of the City of Norman under attack here were passed on October 18, 1961. The regular session of the 29th Legislature of the State of Oklahoma convened January 8, 1963, and adjourned June 14, 1963. This session of the Legislature had before it several Senate and House Bills relating to the annexation or deannexation of territory by cities or towns within the State, and the Court takes judicial knowledge of the action taken by the Legislature on these proposed laws. Without going into detail, these Bills will be briefly discussed.

Senate Bill 238, which was introduced in the 29th Session of the Legislature, in substance provided that no territory may be annexed unless notice shall first be given to the property owners not less than ten nor more than thirty days prior to the date the proposal is to be acted upon, and provides the method of serving and giving notice. Senate Bill 239 provided for an appeal to the State District Court within thirty days following the adoption of an ordinance annexing property, and set forth certain powers of the District Court with reference to such proceedings. Senate Bill 263 and House Bill 599 were introduced at this same session of the Legislature. These Bills are identical and provided for an amendment to Title 11 Okl.St.Ann. § 481, giving any owner of property in the territory annexed claiming to be aggrieved right to appeal to the State District Court, and then went on to provide procedure in the District Court after such appeal. Senate Bill 264 and House Bill 598, being identical, were introduced in the respective Houses of the Legislature of the 29th Session; these Bills sought to amend Section 481, supra, by providing that land owners in the area affected may file suit in the District or Superior Court for deannexation of all or a part of the territory theretofore annexed. Sections 2 and 3 of the last mentioned Bills provide:

"SECTION 2. If it is alleged in the petition, and the court shall find that adequate municipal services have not been extended to the territory in question and will not be extended within a reasonable time, and that injustice will result to the plaintiffs by reason of the failure of the municipality to extend municipal services to the area involved in said proceedings, the petition shall be granted.

"SECTION 3. 'Adequate municipal services' shall include, but not be restricted to, law enforcement, street construction and maintenance, and shall further mean fire protection and municipal services beneficial to the property to be served and equal in kind and quality to those fur-

nished by the municipality to other areas within the corporate limits, comparable in land use and population density to the areas concerned."

It is quite apparent that the Oklahoma Legislature, more than a year subsequent to the enactment of the Ordinances here involved, was aware of the problems of the cities and towns of the State relating to the annexation and deannexation of territory adjacent to such city or town. Each of the above-mentioned Bills failed of passage. Furthermore, the Legislature was undoubtedly aware of the decision of the Supreme Court of Oklahoma in Sharp v. Oklahoma City, infra. With all these facts before the Legislature, it declined to amend Section 481, supra, except as hereinafter stated.

Senate Bill 2 of the 29th Legislature of Oklahoma amended Section 481, supra, by adding thereto, after the second proviso, the following:

"and provided, further, that tracts of land in excess of forty acres shall not be subject to city taxes when located within a city or town and when used for industrial or commercial purposes. Provided, further, that tracts of land in excess of five acres utilized by persons engaged in farming or ranching, and all horses, cattle, mules, asses, sheep, swine, goats, and other livestock, and all agricultural implements and machinery and household goods located thereon, shall not be subject to city taxes, unless the city or town affected furnishes municipal services as ordinarily furnished to city residents."

The change or addition to Section 481, supra, made by Senate Bill 2, relates only to the authority of the city to levy taxes on certain designated property annexed to the city or town and has nothing whatsoever to do with the procedure or authority of a city or town to annex property or territory as provided in Section 481, supra.

It seems abundantly clear to this Court that the 29th Legislature of the State of Oklahoma, having before it full knowledge of the annexation of the territory involved in this action by the City of Norman and the decisions of the Supreme Court, had it so desired, could have amended the law. And by not having done so, it appears that the Legislature approved and acquiesced in the statutory and decisional law of Oklahoma. Failure of the Legislature to further amend Section 481, supra, or to enact new legislation for annexation of territory by cities or towns is persuasive evidence that the City Commissioners did not exceed their authority, or abuse their discretion, in annexing the territory here involved.

The plaintiff Botsford is and was the owner of the South Half of Section 3, Township 8 North, Range 1 East, I.M., Cleveland County, Oklahoma, and the plaintiff Goodin is and was the owner of 255 acres of land located in Sections 33 and 34, Township 9 North, Range 1 East, Cleveland County, Oklahoma.

The case involves the validity of certain annexation ordinances of the City of Norman, Cleveland County, Oklahoma, being Ordinances 1311, 1312 and 1314, under and by virtue of which the lands of the plaintiffs were taken into and became a part of the corporate limits of the City of Norman, Oklahoma.

The City of Norman, Oklahoma, is a charter city, with a City Manager form of Government (11 Okl.St.Ann. §§ 961.1–961.36), and was at all times pertinent to this action, and is the County Seat of Cleveland County, Oklahoma.

The key ordinance involved in this case is No. 1311, and it was stipulated in the Pretrial Order, paragraph 6(a), "That as to Ordinances No. 1311, * * * the owners of a majority of the whole number of acres owned by residents of the territory included and described in each of said ordinance(s) consented in writing to the annexation thereof." The land embraced within Ordinance 1311 constitutes a strip 67 feet wide and extending from the southwest corner of Section 33, Township 9 North, Range 2 West, to the southeast corner of Section 34, Township

9 North, Range 1 East, and from there extending down into the Northeast Quarter of Section 3, Township 8 North, Range 1 East, thence north to the Northeast corner of Section 3, Township 9 North, Range 1 East, and includes the territory of those persons owning a majority of acres of the land described.

The authority of a municipality such as the defendant in this case to annex property is given by the State of Oklahoma by Title 11 Okla.Stat.Ann. § 481, which provides as follows:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as in its judgment and discretion may redound to the benefit of the city. Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned. Provided, further, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip it shall be considered as adjacent or abutting within the meaning of this section; And provided, further, that tracts of land in excess of forty acres shall not be subject to city taxes."

Ordinance No. 1311 was passed and approved on the 18th day of October, 1961.[1] Ordinance No. 1312 was next passed by the City Commissioners of Norman, Oklahoma, on the 18th day of October, 1961, and thereafter on the same

---

1. "ORDINANCE NO. 1311
"An Ordinance Extending the Corporate Limits of the City of Norman, Oklahoma and Designating the Areas or tracts included in such Extension; repealing all ordinances or parts of ordinances in conflict herewith; Providing that if any Part or Parts Hereof be Held Invalid or Ineffective the Remaining Portions shall not be Affected; and Declaring an Emergency.
"AN EMERGENCY ORDINANCE
"Be it Ordained by the Commission of the City of Norman, Oklahoma:
"Sec. 1. That the corporate limits of the City of Norman, Oklahoma shall be and the same are hereby extended to include the following described lands situated in Cleveland County, Oklahoma, to-wit:
"The South 67 feet of Section 33, 34 and 35 and the South 67 feet of the SW¼ of Section 36, all in T9N, R2W, I.M.; all that portion of the SE¼ of Section 36 T9N, R2W, described as follows, beginning at a point 377 feet south of the northeast corner of said quarter section, thence south to southeast corner of said quarter section, thence west 500 feet north 1003.96', west 744.0', south 1003.96', west to the southwest corner of said quarter section, thence north to a point 377 feet south of the northwest corner of said quarter section, thence east to point of beginning; the west 67 feet of Section 36, T9N, R2W, (less the south 67 feet thereof); the west 67 feet of Section 25, T9N, R2W; the west 67 feet of SW/4 of Section 24, T9N, R2W; west 67 feet of S/2 of NW/4 of said Section 24; and the N/2 of the NW/4 of Section 24, T9N, R2W; the south 67 feet of Section 31, 32, 33, 34, 35 and 36, T9N, R1W; the south 67 feet of Sections 31, 32, 33, and 34, T9N, R1E; the east 67 feet (less the south 67 feet thereof) of Section 34, and the east 67 feet of Sections 27, 22, 15, 10 and 3, T9N, R1E; and east 67 feet of Section 3, and the east 67 feet of the NE/4 of NE/4 of Section 10, T8N, R1E.
"Sec. 2. The Commission finds that the above described area is adjacent and contiguous to the present corporate limits of said City and that such annexation has been consented to in writing by owners of a majority of the whole number of acres owned by residents of the said territory to be annexed; and that the annexation of said area is authorized by the

day Ordinance No. 1314 was passed by the City Commissioners. With the exception of the land descriptions and Section 2 of each of the Ordinances, they are identical. Section 2 of Ordinances 1312 and 1314 is as follows:

"Section 2. The Commission finds that the above described area is adjacent and contiguous to the present corporate limits of said City and that said area hereby annexed is surrounded by and adjacent to property already within the corporate limits of said City on three sides thereof; that the City has jurisdiction to annex the same without the consent of the owners thereof; and that the annexation of said tract is authorized by the Statutes of the State of Oklahoma and in particular by Section 481 of Title 11 O.S. 1951."

The evidence shows, and it is not denied, that Ordinance 1311 was passed, followed by Ordinance 1312, 1313 and 1314, 1313 not being relevant to this case. These ordinances were passed at a night meeting of the City Commissioners, and on the same day. It should be noted that the City Commission of the City of Norman has its regular meetings in the evening or night time, at a specified hour, because it is inconvenient for the Commissioners, being businessmen and University officials, to attend daytime meetings.

Ordinance 1311 is the cornerstone upon which plaintiffs' case must stand or fall.

As noted above, 11 Okl.St.Ann. § 481, provides, inter alia, "The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, * * * as in its judgment and discretion may redound to the benefit of the city. Provided, that in no case shall any additional territory * * * be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by the residents of the territory to be added * * *." Plaintiffs' Exhibit 1, being a map showing the city limits of Norman and all of the annexed property, reveals that the west boundary of the 67 foot strip described in Ordinance 1311 abuts and is adjacent to 12th and Lindsey Streets in the City of Norman. The 67 foot strip extends from 12th and Lindsey Streets in the City of Norman east a distance of 14 miles, thence north 6 miles. The corporate limits of the City of Norman on the west extends north from Lindsey Street to a point in Section 1, Township 9 North, Range 3 West, being approximately 17 miles west of the north line of the 67 foot strip above mentioned.

After the passage of Ordinance 1311, with the emergency attached,[2] the City

Statutes of the State of Oklahoma and in particular by Section 481 of Title 11 O.S.1951.

"Sec. 3. All ordinances or parts of ordinances in conflict herewith are hereby repealed.

"Sec. 4. If any part or parts hereof be held invalid or ineffective the remaining portions shall not be affected.

"Sec. 5. It being immediately necessary for the preservation of the public peace health and safety an emergency is hereby declared by reason whereof this ordinance shall be in full force and effect from and after its passage and approval as by law provided.

"Passed and approved this 18th day of October, 1961.

"(SEAL)        Earl Sneed, Mayor
"Attest: D. K. Wilcox, City Clerk"

2. The Charter of the City of Norman provides, in part:

"Article X, Section 5.

"Emergency Ordinances.—The Commission, by a vote of six members, may pass an emergency ordinance when the public peace, the public health, or the public safety of the city, or the inhabitants thereof shall in the judgment of the Commission demand it. Every emergency ordinance must, after the title, contain the words "EMERGENCY ORDINANCE," as a part of the caption, and every such ordinance shall in a separate section briefly state the facts or the cause effecting the public peace, public health or public safety and demanding the passage of the emergency ordinance. All emergency ordinances shall take effect at once upon their passage. (1945 amendment)"

Commissioners then passed Ordinance No. 1312, embracing all of the land north and west of the 67 foot strip mentioned in Ordinance 1311, and the east boundary of the City of Norman. Thus, at the time of the passage of Ordinance 1312, all of the land embraced within such Ordinance was bounded on the south, east and west by the corporate limits or boundaries of the City of Norman. This ordinance embraced the lands owned by the plaintiff Goodin.

After the passage of Ordinances 1312 and 1313, Ordinance No. 1314 was adopted by the City Commissioners. This ordinance embraced the land owned by the plaintiff Botsford, and was, after the passage of Ordinance 1311, bounded on the north, east and west by property within the corporate limits of the City of Norman, and the City of Norman, under Section 481, supra, had the authority to add such territory to the City limits because "three sides of such additional territory is adjacent to, or abutting on, property already within the City limits * * *."

The plaintiffs contend:

1. The annexation Ordinance 1311 and the following Ordinances 1312 and 1314 are void because the lands annexed were not adjacent to the city limits.

2. That the annexation was void in that no notice of the Petition for Annexation was given.

3. That the ordinance annexing the land described in No. 1311 had not become effective at the time of the enactment of Ordinances 1312 and 1314.

4. That the land of plaintiffs was not in fact surrounded on three sides by property within the city limits.

5. That the services of the municipality cannot be extended to the annexed land, and the annexation of plaintiffs' land is therefore void as an attempt to exercise powers not permitted by law.

These questions will be taken up in order.

■ The area or territory embraced and described in Ordinance 1311 was "adjacent" to the City of Norman, as required by Section 481, supra. The undisputed facts are that a majority of the owners of the whole number of acres owned by residents of the territory consented, in writing, that the area be annexed. This consent may be shown by petition or other writing. The westerly portion of the 67 foot strip described in the ordinance was adjacent to and adjoined the eastern boundary of the corporate limits of the City. It therefore follows that it was "adjacent" as required by Section 481, supra, and cases construing it. Cf. Sharp v. Oklahoma City, 181 Okl. 425, 74 P.2d 383; City of Ada v. Whitaker, 202 Okl. 249, 212 P.2d 482.

In 37 Am.Jur. Sec. 27, page 645, it is stated:

"While the general rule is that land cannot be annexed to a city or town unless it is contiguous thereto, it is not necessary that each and every tract of land sought to be annexed shall be contiguous to the municipality. If all of the tracts are contiguous to each other, and one of them is contiguous to or adjoins the municipality, that is sufficient."

The method of annexing strip parcels, as was done in the case at bar, has been approved in Oklahoma in the Sharp case, supra. In that case the City annexed a tract of land 177 feet wide and approximately 1,622 feet long. The 177 foot strip had been used to connect several blocks with the city. The city had secured the written consent of the owners of a majority of the acres constituting this strip parcel. This method of annexation was attacked by plaintiffs asserting first, that this form of setting up a tract for annexation violated the intent of the legislature in enacting Section 481, supra. In disposing of this contention, the Supreme Court commented:

"The annexation ordinance violates neither the letter of the statute nor

the spirit, purpose or intent of the legislature."

Secondly, plaintiffs contend that the statute intended that annexed areas be compact in form. The Court disposed of this claim by stating:

"* * *, the law does not provide that territory added to the city limits shall be in compact form or in any particular shape."

The applicable statute, Section 481, supra, contains no limitation whatever as to the extent, form or shape of the territory to be annexed, and there is nothing therein from which such limitation may be implied. All that is required in a case such as we are considering here is the consent in writing of the owners of a majority of the whole number of acres owned by the residents of the territory to be added.

This consent was procured in the case at bar. The City Ordinance 1311 recited that the owners of the required number of acres had given their consent. Under the recitation of facts by the City Commissioners, a conclusive presumption is that the City Commissioners took evidence as to the residence and ownership of land of each signer of the petition and amount owned by each. Sharp v. Oklahoma City, supra.

Ordinance 1311 was enacted as an Emergency Ordinance and became immediately effective. Following its enactment, Ordinances 1312 and 1314 were enacted with the emergency clause, in full compliance with the requirements of Section 481, supra, and the City Charter, quoted below. See also Whitson v. City of Ada, et al.,171 Okl. 491, 44 P.2d 829. The territory embraced in Ordinances 1312 and 1314, in each case, was adjacent to and in actual contact with, and was bounded on three sides, by territory within the city limits.

Plaintiffs contend that the ordinances involved are all invalid because no notice was given prior to enactment. Notice is not required. See Sharp v. Oklahoma City, supra. The evidence in the case at bar shows that each ordinance was published as required by the applicable charter provision of the City of Norman, which provides, Article X, Section 3:

"All ordinances passed by the Commission, except Emergency Ordinances, shall take effect and become valid at the end of thirty days from the date of passage of such ordinance. All ordinances shall be published either in a daily or weekly newspaper, published and of general circulation in the City of Norman, such publication to be within ten days from the passage of the ordinance, except as otherwise provided by the Constitution and laws of this State."

Title 11 O.S.1961 § 564, provides:

"When a charter for any city of this State shall have been framed, adopted and approved according to the provisions of this Article, and any provisions of such charter shall be in conflict with any law or laws relating to cities in force at the time of the adoption and approval of such charter, the provisions of such charter shall prevail and be in full force, notwithstanding such conflict, and shall operate as a repeal or suspension of such state law or laws to the extent of such conflict; and such state law or laws shall not thereafter be operative in so far as they are in conflict with such charter: Provided, that such charter shall be consistent with and subject to the provisions of the Constitution, and not in conflict with the provisions of the Constitution and laws relating to the exercise of the initiative and referendum, and other general laws of the State not relative to cities of the first class."

Ordinance 1311 was published on October 20, 1961. Ordinance 1312 was published on October 22, 1961, and Ordinance 1314 was published on October 24, 1961,

as shown by plaintiffs' Exhibits 3, 4 and 6.

Plaintiffs next contend that their land was not in fact surrounded on three sides by property within the city limits. It appears that plaintiffs take the position that each individual tract within a territorial unit sought to be annexed must be adjacent, contiguous or abut the city limits of Norman. This position is unrealistic and untenable. It would be impossible for a tract in the middle of a territorial unit of any size to touch the city limits. Section 481, supra, does not so demand.

Plaintiffs next contend that because the services of the city are not extended to the land annexed, the city is attempting to exercise powers not permitted by law. The services, and the extent thereof, have been hereinbefore related. The powers exercised by the city are reasonable. The proceedings here taken by the city resulting in the annexation of the property involved are presumptively valid and the burden is upon the party attacking an extension of corporate limits to show that it is unreasonable. 2 McQuillin, Mun.Corp., Sec. 7.23, page 322. See also generally City of Bethany v. District Court of Oklahoma County, 200 Okl. 49, 191 P.2d 187.

Plaintiffs rely heavily upon City of Ada v. Whitaker, supra, Chickasha Cotton Oil Company v. Rogers, 160 Okl. 164, 16 P.2d 112, and Clouser et al. v. City of Norman, Vol. 34, No. 29, O. B. A. Journal; a reading of these cases will clearly show that they are distinguishable on the facts from the case at bar.

The Court concludes that the defendant City, in annexing the land in question, complied with pertinent and applicable laws of the State of Oklahoma and the City Charter of the City of Norman, and it acted, through the City Commissioners, for the proper protection, health and welfare of its citizens.

Plaintiffs' prayer for a declaratory judgment holding the ordinances involved to be invalid and void is denied.

Judgment will be entered accordingly.