Dear Representative Plunk,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. May citizens of an unincorporated territory, bounded by aten-foot buffer area which has been annexed by a municipality,incorporate into a new city?
 2. May an existing municipality annex unincorporated territorybounded by a ten-foot buffer area when that property adjoins theexisting municipality?
 3. May a city annex land without a vote of the people whoreside in the proposed or annexed area?
 I. Introduction
¶ 1 Your questions concern the provisions of Oklahoma law in Title 11 known as the "Oklahoma Municipal Code." The Code was recodified, effective July 1, 1978 at 11 O.S. Supp. 1977, §§1-101[11-1-101] through 52-107, and although it purported to repeal the statutes sought to be construed, the Supreme Court found that the Code re-enacted the prior statutes in substantial form and did not disrupt the continuity of the statutory law. Oliver v. Cityof Tulsa, 654 P.2d 607, 609-10 (Okla. 1982).
¶ 2 The Code governs the incorporation of property into municipalities, whether towns or cities, as well as the annexation of property by the governing body of a municipality either through written consent of a majority of the property owners, or through a petition filed by the registered voters and property owners. The term "municipality" is defined in the Code as "any incorporated city or town." 11 O.S. 2001, § 1-102[11-1-102] (5). A municipality is a city or a town depending on how it has been incorporated with the laws of the State of Oklahoma. Id. §§ 1-102(2), 1-102(13).
 A. Incorporation Of New Municipalities
¶ 3 Sections 2-101 through 2-107 of Title 11 are general provisions which set forth the requirements for the incorporation of new municipalities. Section 2-101 distinguishes towns from cities and provides as follows:
 A. Any community of people residing in compact form may become incorporated as a town in the manner provided in Sections 3-101 through 3-107 of this title. If the resident population is one thousand (1,000) or more, a town or community of people residing in compact form may become incorporated as a city in the manner provided in Sections 4-101 through 4-107 of this title.
Id.
¶ 4 These general provisions require that persons intending to apply for the incorporation of a municipality "shall cause a survey and plat to be made of the territory intended to be embraced within its limits." Id. § 2-103. The proposed municipality shall be divided into wards with consideration being given to the "equitable apportionment of the population and the convenience and contiguity of the wards." 11 O.S. 2001, §2-105[11-2-105]. An order declaring incorporation shall be issued by the board of county commissioners and shall be recorded in the office of the county clerk in the county in which the municipality is located and filed in the office of the Secretary of State and in the archives of the municipality. Id. § 2-107. "Anyone wishing to challenge the formation, incorporation or organization of an incorporated municipality must bring action in the district court in the county in which the situs of the municipality is located within sixty (60) days after the date of the order declaring incorporation." Id.
¶ 5 Accompanying provisions set forth the specific requirements for incorporation of cities and towns. These provisions require the presentation of a petition for incorporation by one-third (1/3) of the registered voters in the proposed town, or by thirty-five percent (35%) of the registered voters in the proposed city, to the board of county commissioners of the county in which the proposed city or town is located. See 11 O.S.2001, §§ 3-101[11-3-101] (A) (towns); 4-101(A) (cities). Within thirty days after the petition for incorporation has been presented, the board of county commissioners shall determine whether the requirements for incorporation have been complied with. Id. §§ 3-102; 4-102. If the board is satisfied with the petitioners' compliance, the board shall call for an election where the registered voters of the proposed town or city shall vote on the question of incorporation by separate ballot. See id. §§ 3-102-3-104; 4-102-4-104.
 B. Annexation Of Property Into Existing Municipalities
¶ 6 In addition to creating new municipalities through incorporation, property may be added to existing municipalities through annexation. Title 11 O.S. 2001, §§ 21-101[11-21-101] through 21-114 set forth the specific procedures for annexation. These provisions provide for two types of annexation: annexation by action of the governing bodies, and annexation by petition of registered voters and property owners. Section 21-101 governs annexation in general and provides that, "[t]he municipal governing body by ordinance may add to the municipality territory adjacent or contiguous to its corporate limits and increase or diminish the corporate limits as the governing body deems desirable for the benefit of the municipality." Id. Pursuant to Section 21-101, a municipality may only annex territory that is adjacent or contiguous to the municipality's existing corporate limits. Section 21-102 provides that property may also be considered to be adjacent or contiguous if it is separated from the corporate limits by a railway, highway right-of-way or an intervening strip less than four rods wide.
¶ 7 The Supreme Court has approved of the "strip" method of annexation, recognizing that Oklahoma law does not require that the annexed territory be in compact form or in any particular shape. Town of Luther v. State ex rel. Harrod, 425 P.2d 986,991 (Okla. 1967); Sharp v. Oklahoma City, 74 P.2d 383, 385
(Okla. 1937). In Attorney General Opinion 81-284 we stated that Oklahoma law merely requires that some portion of the annexed territory abut the city's existing boundaries, and that Section 21-102 allows a city to annex territory in a manner so that an "island" of unincorporated territory is fully surrounded by a city. Id. at 484. We noted that acts of annexation must be reasonable and otherwise in compliance with the law. Id. Your questions relate to the situation described above where an "island" of unincorporated territory is bounded by a buffer area which is part of the corporate limits of an existing municipality.
 II. Incorporation And Annexation Of Unincorporated Territory Bounded By An Annexed Buffer Area A. Incorporation Of Unincorporated Territory Bounded By A Ten-foot Buffer Area Which Has Been Annexed By A Municipality
¶ 8 Your first question concerns a situation where a city has annexed a ten-foot buffer area creating a boundary around an unincorporated area of land as shown by the following graphic.
[EDITORS' NOTE: GRAPHIC IS ELECTRONICALLY NON-TRANSFERRABLE.]
¶ 9 You specifically ask whether citizens in an unincorporated territory, bounded by a ten-foot buffer area, may incorporate into a new city. As stated above, the general requirements for incorporation are set forth at 11 O.S. 2001, §§ 2-101[11-2-101] through 2-107. Specific provisions governing the incorporation of towns are set forth at Sections 3-101 through 3-107 of Title 11, and specific provisions for the incorporation of cities are set forth at Sections 4-101 through 4-107. These provisions clearly delineate the authority of a municipality to extend its corporate limits and do not prohibit the incorporation of unincorporated territory which is surrounded by a buffer area into a new municipality.[1]
¶ 10 Incorporation is not without restrictions, however, as Section 2-104 of Title 11 provides:
 No territory within five (5) miles of the corporate limits of a municipality having a population of more than two hundred thousand (200,000), and no territory within three (3) miles of the corporate limits of any municipality having a population less than two hundred thousand (200,000), according to the latest federal census, shall be included in the survey and plat provided in Section 2-103 of this title or incorporated as a new municipality. . . . Urban areas annexed by a municipality which are completely nonadjacent to the corporate limits of the municipality are not considered as within the corporate limits of that municipality for the purposes of this section.
Id. (emphasis added).
¶ 11 Applying this statute to your question, owners of unincorporated territory, bounded by a buffer area which has been annexed by a municipality, may incorporate into a new municipality if the property to be incorporated is five miles outside the corporate limits of an existing municipality which is greater than 200,000 in population, or three miles outside the corporate limits of an existing municipality of less than 200,000 in population. Section 2-104 specifically provides that "corporate limits" does not include "[u]rban areas annexed by a municipality which are completely nonadjacent to the corporate limits of the municipality. . . ." Id. The property in the buffer area described in your question is adjacent rather than "completely nonadjacent" and therefore, is included within the "corporate limits." Thus, depending upon the population of the municipality, property which is within either five miles or three miles of the corporate limits of the municipality, which includes being within either five or three miles of the annexed ten-foot buffer area, may not be incorporated into a new municipality. Unincorporated territory not within these geographical limits may be incorporated.
 B. Annexation Of Unincorporated Territory Bounded By A Ten-foot Buffer Area Which Has Been Annexed By A Municipality
¶ 12 You also ask whether an existing municipality may annex the area adjoining it to include within its corporate limits the territory bounded by the buffer area. Title 11 O.S. 2001, §21-103[11-21-103] sets forth the procedures for annexation by cities and Section 21-104 provides the procedure for annexation by towns. These statutes set forth specific provisions for the annexation of territory adjacent or contiguous to a municipality. As to cities, Oklahoma law requires obtaining the written consent of the property owners, or in those statutory-prescribed situations where consent is not required, the law requires notice, the preparation of a service plan and a public hearing. Id. § 21-103. As to towns, Section 21-104 provides that the town board of trustees, by ordinance, may annex lots which are adjacent and contiguous to the town if the lots have been platted and recorded in the office of the county clerk. When the town board of trustees desires to annex territory adjacent to the town which has not been platted and recorded, the board of trustees shall prepare a petition setting forth the reason for the annexation together with an accurate map or plat. Notice shall be given and the town board of trustees shall hold a hearing on the request for annexation. At the public hearing if the town board of trustees determines, after inspection of the map and consideration of the testimony for and against annexation, that the request for annexation should be granted it shall issue an order declaring annexation of the territory to the town. Id. § 21-104(3).
¶ 13 A provision also exists for annexation by a petition filed by at least three-fourths of the registered voters and the owners of at least three-fourths (in value) of the property in any territory adjacent or contiguous to the municipality. Id. § 21-105. There is no language within these statutes which prohibits the annexation of unincorporated territory bounded by a ten-foot buffer area which has been annexed by an existing municipality.
¶ 14 A specific provision also exists for a majority of owners of a subdivision, or property owners located in unincorporated territory which is enclosed by a boundary, to petition for annexation in writing to another municipality. Id. § 21-114(A). This provision applies to certain property owners and requires only a majority rather than the three-fourths required under the general provision. Amended by 2001 Okla. Sess. Laws ch. 150 § 1, Section 21-114 provides as follows:
 A. The majority of the owners of a subdivision or property owners located in unincorporated territory which is enclosed by the boundaries of a municipality may petition for annexation in writing to another municipality if:
 1. The width of the boundary is less than twenty (20) feet; and
 2. The property is contiguous to the other municipality except for the boundary.
Id.
¶ 15 It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, there is no room for construction. Mangrum v. Fensco, Inc.,989 P.2d 461, 464 (Okla. 1999) (citation omitted). By the plain terms of Section 21-114 certain property owners in an unincorporated territory, enclosed by the boundaries of a municipality, may petition for annexation in writing to another municipality. Those are "[t]he majority of the owners of a subdivision" or "property owners located in unincorporated territory." Id. § 21-114(A). In addition to these requirements Section 21-114 also mandates that the width of the boundary of the municipality be less than twenty feet, and that the property to be annexed be contiguous to the municipality into whom annexation is sought except for the boundary.[2]
¶ 16 If these requirements are met, the governing body of the other municipality may grant the petition after notifying the enclosing municipality in writing. Id. § 21-114(B). The statute provides that the enclosing municipality may bring an action in district court to invalidate the annexation, and the district court is to uphold the annexation if the conditions for annexation exist, and the enclosing municipality has not demonstrated a substantial governmental interest in the use of the property. Whether particular property meets the requirements of this section is a question of fact which cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b] (A)(5).
 III. Annexation Of Property Without A Vote Of The People Who Reside In The Proposed Or Annexed Area
¶ 17 You also ask whether a city may annex land without a vote of the people who reside in the proposed or annexed area. The authority of municipalities to change municipal limits by ordinance and to add territory to their corporate limits by way of annexation is provided for at 11 O.S. 2001, §§ 21-101[11-21-101]
through 21-114. The annexation of territory by a municipality is a legislative function bestowed upon municipalities by a proper delegation of power from the legislature. In re De-Annexation ofCertain Real Prop., 662 P.2d 1375, 1376 (Okla. 1983) (citingCity of Bethany v. Dist. Court, 191 P.2d 187, 189 (Okla. 1948). Procedures for annexation vary depending upon whether the municipality concerned is a city or town, as defined by the Oklahoma Municipal Code, and whether the annexation is by petition or by a governing body action.
¶ 18 Because your question concerns annexation by a city, your inquiry is governed by Section 21-103 which provides the annexation procedures for cities. Section 21-103(A) provides the city must obtain the written consent of the owners of at least a majority of the acres to be annexed to the municipality. There are two exceptions to written consent where the governing body of a city may annex any territory adjacent or contiguous to the city. Id. See also Chickasha Cotton Oil Co. v. Rogers,16 P.2d 112 (Okla. 1932); City of Ada v. Whitaker, 212 P.2d 482, 484
(Okla. 1949). (The two exceptions are: (1) where the territory to be annexed is subdivided into tracts or parcels of less than five acres and contains more than one residence, and (2) where three sides of the territory to be annexed are adjacent or contiguous to the property already within the municipal limits.)
¶ 19 As discussed above, Title 11 also contains a provision for annexation by petition of the registered voters and the owners of the property to be annexed. Id. § 21-105. That section requires the signing and filing of a petition by at least three-fourths of the registered voters and the owners of at least three-fourths (in value) of the property in any territory adjacent or contiguous to the municipality. After notice of the petition has been given, the governing body by ordinance may annex the territory to the municipality. Id.
¶ 20 Neither annexation procedure in Title 11 requires an actual vote of the registered property owners through the election process.[3] Therefore, in answer to your last question annexation does not require a vote of the people but does, absent certain exceptions, require consent of at least a majority of the acres to be annexed or the filing of a petition by at least three-fourths of the registered votes, and the owners of at least three-fourths (in value) of the property in any territory adjacent or contiguous to the municipality.
¶ 21 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Thirty-five percent (35%) of the property owners ofunincorporated territory, bounded by a ten-foot buffer areaannexed by a municipality, may petition the board of countycommissioners to incorporate into a new municipality, which willrequire a vote of the registered voters of the proposed town orcity. 11 O.S. 2001, §§ 3-101-3-104[11-3-101-3-104] (towns); 11 O.S. 2001,§§ 4-101-4-104[11-4-101-4-104] (cities).
 2. Pursuant to 11 O.S. 2001, § 2-104, property which iswithin five miles of the corporate limits of a municipalityhaving a population of over 200,000, or within three miles of thecorporate limits of a municipality having a population less than200,000, may not be incorporated. As this section relates to yourquestions the "corporate limits" include the ten-foot buffer areawhich has been annexed by a municipality.
 3. An existing municipality may annex unincorporated territoryadjacent or contiguous to it, including unincorporated territorythat is bounded by the ten-foot buffer area. 11 O.S. 2001, §§21-103(A), 21-104(A).
 4. The majority of the owners of a subdivision or propertyowners located in unincorporated territory which is bounded by abuffer area annexed by a municipality, may also petition inwriting for annexation into an existing municipality pursuant to11 O.S. 2001, § 21-114, if the width of the boundary is lessthan twenty feet and the property to be annexed is contiguous tothe existing municipality except for the boundary.
 5. A governing body of a city may annex land without a vote ofthe people; however, absent certain exceptions the city mustobtain the written consent of the owners of at least a majorityof the acres to be annexed. 11 O.S. 2001, § 21-103. Land mayalso be annexed pursuant to Section 21-105, requiring the signingand filing of a petition with the governing body of themunicipality by at least three-fourths of the registered votersand the owners of at least three-fourths (in value) of theproperty in any territory adjacent or contiguous to themunicipality.
W.A. DREW EDMONDSON Attorney General of Oklahoma
SANDRA D. HOWARD Senior Assistant Attorney General
[1] A municipality must annex under the general State statutes, but where municipal annexation ordinances are additional to or more stringent then the statutory requirements, those provisions must be followed. See A.G. Opin. 80-93, 170.
[2] Specific requirements also exist requiring the signing of a petition by at least a majority of the resident owners for the annexation of land platted for educational or charitable institutions. 11 O.S. 2001, § 21-108[11-21-108].
[3] There are certain provisions in other areas of the law which require a vote of the people prior to annexation. See 82O.S. 2001, § 667[82-667] (election necessary to annex additional territory to a master conservancy district); 70 O.S. 2001, §7-101[70-7-101] (annexation election required for school districts); 11O.S. 2001, § 21-201-205[11-21-201-205] (special election required on the question of whether territory subject to inundation shall serve as a new site for a municipality).