143 P.3d 228 (2006)
2006 OK CIV APP 103
In re DE-ANNEXATION OF CERTAIN REAL PROPERTY FROM the CITY OF SEMINOLE.
Bedford T. Brewer and Larry Brewer, Plaintiffs/Appellants/Counter-Appellees,
v.
The City of Seminole, Defendant/Appellee/Counter-Appellant.
No. 102,668.
Court of Civil Appeals of Oklahoma, Division No. 3.
August 18, 2006.
Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for Plaintiffs/Appellants/Counter-Appellees.
David W. Kirk, Lytle, Soul้ & Curlee, Oklahoma City, OK, for Defendant/Appellee/Counter-Appellant.
This Opinion has been Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.

*229 OPINION
ADAMS, Judge.
ถ 1 In the principal appeal, Plaintiffs Bedford and Larry Brewer contend a trial court order granting judgment to Defendant City of Seminole (City) on Plaintiffs' claim against City for multiple types of relief was error. Plaintiffs' claim is based on their contention that a tract of land owned by them, which was purportedly annexed by the Seminole City Council by Ordinance 587 in 1976, was not properly annexed and that Ordinance 587 was void. Plaintiffs contended the jurisdictional requirements applicable in 1976 under 11 O.S.1971 งง 481[1] and 482[2] were not met.
ถ 2 City moved for summary judgment, arguing that Plaintiffs could not challenge the ordinance in that regard because those facts were "conclusively presumed" under Oklahoma law. In addition, City argued Plaintiffs were prevented from challenging the validity of the ordinance by Bedford Brewer's action in entering a no contest plea in a previous criminal case involving an alleged violation of a Seminole City Ordinance which allegedly occurred on the property in question. Because we conclude the evidentiary material presented to the trial court reveals facts which are not consistent only with judgment for City, we reverse the judgment and remand the case for further proceedings.
ถ 3 City also appeals, contending the trial court erred in denying its Motion to Tax Attorneys' Fees and Costs. Our reversal of the judgment in City's favor removes any underlying basis for such an award to City, and we affirm the trial court's order denying that motion.

STANDARD OF REVIEW
ถ 4 In determining whether summary adjudication was appropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and City was entitled to judgment as a matter of law. Perry v. Green, 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Plaintiffs. Ross v. City of Shawnee, 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. Frey v. *230 Independence Fire and Casualty Company, 1985 OK 25, 698 P.2d 17.

BACKGROUND FACTS
ถ 5 According to Brewers, they own Lots 5-8, Block 4 of the Sinclair Industrial Addition to the City of Seminole. All parties agree that the Sinclair Industrial Addition was within the tract of land described in Ordinance 587. There is also no dispute that the streets shown in the plat for the Sinclair Industrial Addition have never been constructed.

THE VALIDITY OF THE ORDINANCE
ถ 6 The validity of Ordinance 587 is governed by 11 O.S.1971 ง 481 and/or ง 482. The ordinance addressed compliance with those requirements only in the following language:
WHEREAS, the following described tract of land as hereinafter described comes within and meets all the requirements of Title Eleven (11), Sections 481 and 482, Oklahoma Statutes Annotated, pertaining to the annexing of additional territory to cities of the first class, and
WHEREAS, all requirements as pertaining thereto have been met and complied with, and said tract of land to be annexed to the corporate limits of the City of Seminole being described as follows, to wit: [Description omitted.]
ถ 7 Plaintiffs' summary judgment motion argued that in order for the ordinance to be valid, City must have complied with the requirements of ง 481 and ง 482. However, they cited no authority to support the proposition that City's statutory authority to annex the property under either of these alternative statutes was waived by the recitation contained in the ordinance, and we have discovered none. We hold the ordinance is valid if City properly exercised its authority under either ง 481 or ง 482.
ถ 8 The trial court based its judgment on the conclusion that Plaintiffs could not collaterally attack the ordinance because it recited the jurisdictional facts which gave City statutory authority to annex the property in question. The rule applied by the trial court was succinctly stated in Jones v. City of Oklahoma City, 1952 OK 354, ถ 0, 250 P.2d 17, 18:
An ordinance annexing territory to a city which on its face recites the jurisdictional facts which give the city jurisdiction to annex the territory covered by the ordinance, may not be collaterally attacked by a private individual, but only by the state. Where the ordinance does not recite the jurisdictional facts an interested party other than the state may attack the validity of the ordinance and show, if he can, that the jurisdictional facts did not exist.
ถ 9 Sharp v. Oklahoma City, 1937 OK 685, 74 P.2d 383, was the principal case relied upon by City for its "conclusive presumption" argument, and it was apparently followed by the trial court. The ordinance involved recited that "the resident owners, of more than a majority of the whole number of acres included in such property particularly described in this ordinance, have given their written consent to the annexation of such property to the city of Oklahoma City," and the Court held that "[t]he recitation above quoted raises a conclusive presumption in this kind of a case that the city council took evidence as to the residence and ownership of land of each signer of the petition and the amount owned by each." Sharp, 1937 OK 685, ถถ 27, 30, 74 P.2d at 386. (Emphasis added.)
ถ 10 The recitation in Sharp, which specifically recited the facts which allowed the city to annex under the statute, is in sharp contrast with the conclusory recitation contained in the ordinance in question here. Ordinance 587 did not recite the jurisdictional facts, and Plaintiffs are not barred, by the rule articulated in Jones, from challenging the ordinance and proving that those facts under both ง 481 and ง 482 did not exist.[3]
ถ 11 Our holding that summary judgment was inappropriate for City based on this argument does not mean that Plaintiffs were *231 entitled to partial summary judgment on the validity of Ordinance 587, as they argued in the trial court. Under Jones, Plaintiffs had the burden of proving the relevant jurisdictional facts did not exist. Bedford Brewer's affidavit, wherein he stated that he had "checked the records and determined that. . . City did not have the written consent of the owners of a majority of the whole number of acres owned by residents of the territory to be added" and that he "checked the records and determined that . . . City did not initiate or receive a petition in writing signed by not less than 3/4 of the legal voters and by the owners of not less than 3/4 (in value) of the property in question," even if not controverted, is not sufficient to establish, as a matter of law, that the jurisdictional facts did not exist.[4]

EFFECT OF THE CRIMINAL CASE
ถ 12 Sometime between April 14, 2004, and August 25, 2004, City filed a municipal criminal charge against Bedford Brewer, alleging he had placed two steel I-beams across the platted road easement in the Sinclair Industrial Addition adjacent to Plaintiffs' property, and he had thereby created a public nuisance in violation of Section 8-401 of City's ordinances. After a non-jury trial, the municipal court found Bedford Brewer guilty of "maintaining a nuisance that unlawfully interferes with, or obstructs, or tends to obstruct and renders dangerous for passage a public street and public property."
ถ 13 As was his unchallenged right, Bedford Brewer appealed that conviction to District Court, where he was entitled to a trial de novo. 11 O.S.2001 ง 27-129(A). While that appeal was pending, Plaintiffs filed this action. Five days later, Bedford Brewer filed a "Motion for Summary Judgment" in the criminal case in which he challenged the validity of Ordinance 587 on the grounds asserted in this case. City responded by arguing that summary judgment motions were not authorized. Moreover, City also stated:
The Defendant filed a civil action in District Court seeking deannexation of the property in question (See CV-04-256, District Court of Seminole County)[this case]. The Defendant is seeking to delay the criminal proceedings by filing what is to be expected as protracted civil litigation. The Court should not allow the Defendant a continuance or grant him summary disposition in an attempt to delay the criminal proceedings.
Thereafter, the district court judge assigned to the criminal case denied Bedford Brewer's motion.
ถ 14 About two weeks prior to the scheduled trial in the criminal case, City's attorney, Mr. Carter,[5] proposed a "possible resolution of this matter." In a letter, Mr. Carter outlined the terms of an agreement as follows:
(1) Plea of Nolo Contendere to the charge;
(2) Your client will move all of the debris from the plotted [sic] roadways within ten (10) days;
(3) The roadways will be accessible for ingress and egress;
(4) I will forego a fine and waive costs and your client may withdraw his appeal bond.
ถ 15 Significantly, the letter also included a final statement concerning the pending civil matter. It stated:
If the civil case is successful on your part, then your client has suffered no economic hardship and I will have no alternative but to obey the Court's ruling as to the "new" city limits. If the civil case is unsuccessful, then he still avoids a fine and the City *232 has done its job of keeping the roadways clear.
According to Plaintiffs, in this factual context, Bedford Brewer agreed to enter a no contest plea to the charge. The court accepted the plea and filed a judgment and sentence.
ถ 16 City argues Bedford Brewer's no contest plea is admissible against Plaintiffs and prevents them from demonstrating that the property upon which the criminal violation occurred was not within the city limits of Seminole. To support this argument, they rely upon two decisions from other divisions of this Court, Irwin v. SWO Acquisition Corporation, 1992 OK CIV APP 48, 830 P.2d 587 and Delong v. State of Oklahoma, ex rel. Oklahoma Department of Public Safety, 1998 OK CIV APP 32, 956 P.2d 937.
ถ 17 Both of those cases involved claims by a plaintiff for false arrest, which requires the plaintiff to prove the lack of probable cause for the institution of a criminal action against the plaintiff. Lewis v. Crystal Gas Company, 1975 OK 26, 532 P.2d 431. Both cases conclude that the plaintiff's no contest plea was admissible and prevented the plaintiff from establishing a lack of probable cause. Considering the true nature of a no contest plea, that conclusion is not surprising.
ถ 18 A no contest plea is essentially an admission by a criminal defendant that the prosecution possesses sufficient evidence to prove the required elements of the crime charged to the satisfaction of a jury beyond a reasonable doubt. Accordingly, it is an admission that probable cause existed and is utterly inconsistent with an assertion that there was no probable cause for the institution of the criminal proceedings. The effect of Bedford Brewer's plea on Plaintiffs' civil claim is significantly different.
ถ 19 The no contest plea is no more than a stipulation that City would be able to prove the property upon which the crime was committed was within the city limits of Seminole. It is not a stipulation that the property was in fact within those limits. Lack of probable cause is not an element of Plaintiffs' claim in this case, and Bedford Brewer's no contest plea does not prevent Plaintiffs from proceeding with their claim.
ถ 20 City also argues Plaintiffs are barred by issue preclusion[6] from contending the property described in Ordinance 587 was not properly annexed. They contend that defense arises from the judgment and sentence the criminal case discussed in the preceding paragraphs.
ถ 21 According to State of Oklahoma, ex rel. Tal v. City of Oklahoma City, 2002 OK 97, ถ 20, 61 P.3d 234, 245,
Issue preclusion requires, at a minimum, that the party against whom it is being asserted was either a party to or a privy of a party to the prior action and that the issue subject to preclusion have actually been adjudicated in the prior case in which said issue was necessary or essential to its outcome.
This case also recognized that for it be applied, the party against whom issue preclusion is being asserted, or someone in privity with that party, "must have had a full and fair opportunity to litigate the . . . critical issue."
ถ 22 The circumstances under which Plaintiffs say Bedford Brewer agreed to the no contest plea and the resolution of the criminal matter without further litigation in the criminal case of the validity of Ordinance 587, and the evidentiary material supporting that claim, including the letter from Mr. Carter, raises, at the minimum, a question upon which reasonable people could differ concerning whether there was a "full and fair opportunity" to litigate the issue which City now says Plaintiffs are precluded from litigating. Accordingly, summary judgment was not appropriate based on City's arguments concerning the effect of the plea and judgment in the criminal case.

CONCLUSION
ถ 23 The facts shown by the evidentiary material presented to the trial court, considered in the light most favorable to Plaintiffs, and all reasonable inferences from those facts is not consistent only with judgment for *233 City. Therefore, the trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Our reversal of that judgment removes any potential for an award of attorney fees and costs to City, and the trial court's order denying that award is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BUETTNER, C.J., and MITCHELL, P.J., concur.
NOTES
[1] This section provided, in pertinent part:

The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as in its judgment and discretion may redound to the benefit of the city. Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned.
[2] This section provided, in pertinent part:

On petition in writing signed by not less than three-fourths of the legal voters and by the owners of not less than three-fourths (in value) of the property in any territory contiguous to any incorporated city or town and not embraced within the limits thereof, the city council of the city or the board of trustees of the town, as the case may be, shall by ordinance annex such territory to such city or town upon filing a copy of such ordinance with an accurate map of the territory annexed (duly certified by the mayor of the city or the president of the board of trustees of the town), in the office of the register of deeds of the county where the annexed territory or the greater portion of it is situated, and having the same recorded therein.
[3] Because we have previously concluded the ordinance may be valid under either ง 481 or ง 482, Plaintiffs can only invalidate the ordinance by demonstrating that neither statute authorized the annexation.
[4] The affidavit does not identify what records were checked, and Plaintiffs cited no authority requiring City to maintain any such "records." In addition, the affidavit was not based on the affiant's personal knowledge concerning the existence of the jurisdictional facts, but was merely his opinion based upon his examination of "the records." In a trial court brief, Plaintiffs state that City "concedes that they have NO EVIDENCE, other than the bare language of the Ordinance No. 587, that the City met the procedural annexation requirements." However, they cite no evidentiary material or any statement in City's brief in which this concession is allegedly contained, and we find no such concession in any of the briefs filed by City.
[5] A different attorney than the attorneys who represent City in this case in the trial court and on appeal.
[6] Also known as collateral estoppel.